IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 10-40094-02-RDR**

DEMARSHA ITRELL ANDREWS,

        Defendant.

---

**O R D E R**

This order is issued to record the court's rulings upon the sentencing issues raised in the above-captioned case. The court sentenced defendant to two years probation during a sentencing hearing on June 24, 2011.

There was a four-count indictment in this case. Defendant's husband, Calmetrius Andrews, was charged in all four counts. Defendant was charged in counts three and four. Each count alleged distribution of cocaine base. Defendant pleaded guilty to count three, which charged defendant (and her husband) with distribution of 3.09 grams of crack cocaine.

The facts contained in the presentence report are not objected to by the parties, although there are objections to the conclusions drawn from those facts. According to the presentence report, a confidential informant was used to make the four purchases of crack cocaine which supply the basis for the four counts of the indictment. The presentence report indicates in paragraph 10 that

the confidential informant advised that he/she had purchased an eight-ball of crack cocaine approximately two times a week for approximately a month from Calmetrius Andrews. This occurred before the four controlled buys which are the basis for the four counts of the indictment.

The presentence report indicates that on July 7, 2010 the confidential informant (after meeting with Calmetrius Andrews the previous day) purchased 2.57 grams of crack cocaine from Calmetrius in return for $150.00. On July 20, 2010 the confidential informant arranged and consummated another drug purchase with Calmetrius Andrews. This purchase involved $175.00 for 2.16 grams of cocaine base. At the conclusion of the transaction, Calmetrius told the confidential informant that if Calmetrius went to prison, the confidential informant could call defendant, his wife, for crack cocaine. He later provided defendant's phone number to the confidential informant.

On July 21, 2010, the confidential informant tried to contact Calmetrius, but was unsuccessful. So, he contacted defendant by phone, and she turned the call over to Calmetrius who arranged for a drug purchase and told the confidential informant that defendant would do the transaction. Calmetrius and defendant sent text messages to the confidential informant prior to the transaction indicating that they would meet at a salvage yard. Calmetrius told the confidential informant that the price would be $175.00. The

2

confidential informant met with defendant who was with two other men. Defendant exchanged 3.09 grams of crack cocaine for $175.00.

On August 18, 2010, the confidential informant again called Calmetrius Andrews to arrange a drug purchase. Then, defendant called the confidential informant to change the location for the transaction. When the informant arrived at the location Calmetrius was there with another man. Calmetrius told the confidential informant to meet later at yet another location. When the informant arrived at that location, he received a call from Calmetrius telling him to meet at still a different location. At this location, the informant actually met with Calmetrius who was with defendant and two other persons. The informant approached Calmetrius and exchanged $175.00 for 2.2 grams of crack cocaine.

**Drug Quantity.** One of the issues in this matter is the drug quantity to apply to determine the base offense level. "The government must prove drug quantity by a preponderance of the evidence." U.S. v. Foy, ___ F.3d ___, 2011 WL 1957680 * 9 (10th Cir. 2011). The government argues that the amounts from all four controlled buys should be considered.[1] The defendant argues that the amount from the last two controlled buys is the correct figure. The only evidence that defendant was involved in the first two drug sales is that she was involved in the last two drug sales and that

---

[1] There is also an argument as to whether the government waived this argument by raising it in an untimely fashion. The court does not need to reach that question.

Calmetrius indicated at the conclusion of the second drug sale that the informant should call defendant for crack cocaine if Calmetrius went to prison. The court does not believe that this satisfies the government's burden of proof that defendant was involved in the first two drug sales, even under the broad language of U.S.S.G. § 1B1.3. There is no indication of defendant's actual involvement until the third controlled drug purchase. It is as plausible to the court that defendant was not involved, individually or jointly, in the first two drugs sales as that she was involved. We note that the confidential informant apparently did not mention defendant to law enforcement, even though the informant had purchased crack cocaine twice a week from Calmetrius Andrews for approximately one month before the first controlled buy. Therefore, the court shall only consider the amounts from the third and the fourth controlled buys.

**Role in the offense.** Defendant has argued that, contrary to the presentence report, defendant should receive a reduction in the base offense level because she played a "minor role" in the offense. See U.S.S.G. § 3B1.2. The court agrees with this argument.

The court must evaluate defendant's conduct with that of her co-defendant/husband and with the conduct of the average participant in drug trafficking crimes. U.S. v. Vargas-Islas, 437 F.Supp.2d 1180, 1181-2 (D.Kan. 2006) (citing U.S. v. Caruth, 930

4

F.2d 811, 815 (10th Cir. 1991)). Defendant has the burden of proving her minor participation. Id. at 1182 (citing U.S. v. Harfst, 168 F.3d 398, 401-02 (10th Cir. 1999)). The information provided to the court describes four relatively low-dollar drug sales over a period of approximately six weeks. Defendant was directly involved in one transaction. Her husband was directly involved in the other three sales. Defendant's husband told the confidential informant that <u>if he went to prison</u>, then the confidential informant could call defendant to buy some crack cocaine. This suggests to the court that defendant's husband was in charge of the drug transactions and that defendant took a subordinate role. Once, when the confidential informant called defendant, she gave the phone to her co-defendant/husband who made arrangements with the informant. This also suggests to the court that defendant played a subordinate role. Again, the court notes that the confidential informant apparently did not mention defendant to law enforcement, even though the informant had been dealing with defendant's husband twice a week for approximately one month before the first controlled buy.

Defendant's activities involved fewer drugs over a shorter period of time and less planning than this court often sees in drug trafficking cases. There is no evidence that she was involved in negotiating, purchasing, financing, packaging or hiding drugs. Her husband appeared to establish the price for the drug sales. She

5

was a short-distance courier for one drug sale and spoke or sent text messages on the phone with regard to a possible meeting place for two drug sales.

The court finds that defendant has sustained her burden of proving that she was substantially less culpable than her co-defendant/husband and the average participant in drug trafficking crimes. Therefore, a minor role reduction is warranted. See U.S. v. Castillo, 277 Fed.Appx. 77, 79-80 (2nd Cir. 2008) (reversing decision to deny minor role to participant who was involved in one of two drug hand-offs, accompanied another more significant player at other times, and fetched a small heroin sample in one instance); U.S. v. Ortiz, 31 F.Supp.2d 469, 470-71 (E.D.Pa. 1999) (3-level mitigating adjustment given to live-in girlfriend of a co-defendant whose role was to carry messages or drugs back and forth among other co-defendants and the government informants).

**Downward variance.** Defendant argued for a downward variance as an alternative to her argument for a minor role reduction. Because the court granted the minor role reduction, the court did not need to decide this issue as posed by defendant. However, the court did make a downward variance to the degree one was necessary to sentence defendant to a two-year term of straight probation, rather than ordering probation with a condition or combination of conditions requiring a period of community confinement, home detention or intermittent confinement as set forth in U.S.S.G. §

6

5B1.1(a)(2). The court made this variance after consultation with the Probation Office and consideration of defendant's employment situation, family situation and adjustment while on pretrial supervision.

**The court's sentence.** Because the court granted defendant's minor role objection to the presentence report, defendant's offense level was reduced to 11. This placed defendant in Zone B of the Sentencing Table because defendant has a criminal history category of I. After a consideration of the sentencing factors mentioned in 18 U.S.C. § 3553, the court determined that a sentence of two years straight probation constituted a sentence which was sufficient but not greater than necessary to meet the sentencing purposes set out in that statute.

**IT IS SO ORDERED.**

Dated this 27th day of June, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge